# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT COVINGTON
### CASE NO.

**DAMIEN CONNER**  **PLAINTIFF**

**v.**

**CITY OF COVINGTON; Colonel Brian Valenti;**
**Doug ULLRICH ; and DOES 1-50 individually and**
**in official capacities as police officers for the**
**City Covington inclusive.**  **DEFENDANTS**

---

**COMPLAINT FOR VIOLATION OF TITLE 42 USC § 1983, *MONELL* CLAIM, VIOLATION OF KENTUCKY STATUTES, VIOLATION OF COMMON LAW TORTS, AND DAMAGES**

**JURY TRIAL DEMANDED**

---

## INTRODUCTION

1. Rampant violations of excessive use of force and concerns of prejudicial conduct are recurring problems stemming from officers serving with the Covington Police Department, which is deeply affecting the efficiency of the Covington Police Department and threatening the protection of Constitutional Rights for the citizens of Covington, Kentucky.

2. Damien was driving to work and was pulled over for a standard traffic violation after being on his phone.

3. Damien was compliant in presenting his license, registration, and insurance.

4. Officer ULLRICH called for backup before asking if Damien C. owned a registered gun, and immediately asked him to get out of the car when Damien C. was confused why there was an issue.

5. Damien was actively trying to de-escalate a confrontation with Officer ULLRICH , and asked why he had to exit his car.

6. Damien was unnecessarily put in handcuffs, grabbed by two officers, and pulled out the window of his car, with the officers claiming he was under arrest for refusing to exit his car and "obstructing police."

7. Damien asks the officers to unbuckle him while he was being forcefully grabbed from the car and communicated that the officers were hurting him, but instead the officers cut his seatbelt off of him.

8. Officer ULLRICH and the other officers involved were not interested in following policy, but rather only interested in imposing unnecessary physical force and authority that had been granted to them without limits by the Covington Police Department.

9. Officer ULLRICH made claims that contradict footage from the body cam, and accusations of a smell of marijuana, of which no proof was confirmed.

10. This Complaint, body worn camera footage, and other discoverable evidence clearly demonstrate that Damien's Constitutional Rights were severely violated by the intentional and negligent actions of Covington Police Department and its agents.

## JURISDICTION

11. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The

unlawful acts and practices alleged herein occurred in Covington, Kentucky, which is within this judicial district. Title 28 of the United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

12. Plaintiff DAMIEN CONNER (hereinafter referred to as "PLAINTIFF") is and at all times herein mentioned is a citizen of the United States and a local resident.

13. Defendant CITY OF COVINGTON (hereinafter referred to as "CITY") is and all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the Commonwealth of Kentucky. Under its supervision, the CITY operates the Covington Police Department. The Covington Police Department employ's police officers and is responsible for the actions of its employees. PLAINTIFF believes that the CITY is legally responsible and liable for the incident, injuries and damages herein set forth. The CITY proximately caused injuries and damages because of the intentional and/or negligent actions of one or more of its employees, it breached its duty to PLAINTIFF to provide safety and security for the public, violated public policy when its employees used excessive force against PLAINTIFF. The COUNTY is liable for the actions of its employees, through vicarious or imputed liability and *Respondeat Superior*.

14. Defendant OFFICER D. ULLRICH  (hereinafter referred to as "ULLRICH ") is and all times mentioned herein is an adult and at all times herein mentioned is a citizen of the United States and a resident of Kentucky. ULLRICH  was employed as a full-time employee of the CITY as a police officer. At all relevant times ULLRICH  was under an oath as a law enforcement officer to serve the community; to safeguard lives and

property; to protect the innocent against deception, the weak against oppression or intimidation and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality, and justice.

15. **DEFENDANT COLONEL BRIAN VALENTI** (hereinafter referred to as "VALENTI") is and all times mentioned herein is an adult and at all times herein mentioned is a citizen of the United States and a resident of Kentucky. VALENTI was employed as a full-time employee of the CITY as a police officer. At all relevant times VALENTI was under an oath as the chief of police to serve the community; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality, and justice.

16. PLAINTIFF is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF believes and alleges that each defendant is legally responsible and liable for the incident, injuries and damages herein set forth. Each defendant proximately caused injuries and damages because of his/her intentional and/or negligent actions, breach of duty, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act of omission. PLAINTIFF will ask for leave to amend his complaint subject to further discovery. In engaging in the conduct alleged herein, defendant

police officers acted under the color of law and in the course and scope of their employment with the CITY. In engaging in the conduct described herein, Defendant officers exceeded the authority vested in them as police officers, under the United States and Kentucky Constitutions, and as employees of the CITY.

**STATEMENT OF FACTS**

17. On the evening of September 23, 2024, PLAINTIFF was driving to work on I 0075 South bound, and actively typing in his phone for directions.

18. PLAINTIFF is an African American male.

19. At approximately 6:38 PM, PLAINTIFF was pulled over for a standard communication device violation.

20. Upon pulling over, PLAINTIFF was compliant in talking to the officer who pulled him over, who was ULLRICH .

21. PLAINTIFF was compliant in searching for and providing his license, registration, and insurance.

22. ULLRICH  went back to his car and ran the license, then proceeded to call a backup officer to the scene; the name of the other present officer is currently unknown.

23. ULLRICH  returned to PLAINTIFF's vehicle and asked if PLAINTIFF carried a gun.

24. PLAINTIFF was confused and stated that he just wanted to get to work, and ULLRICH proceeded to immediately command PLAINTIFF to take his seatbelt off and exit his vehicle, or else he would be taken to jail.

25. PLAINTIFF was confused and said that the officer did not have a reason to ask him to exit.

26. ULLRICH reached through his open driver's side window and placed PLAINTIFF in handcuffs.

27. ULLRICH and the other present officer began to forcefully pull PLAINTIFF out of his driver's side window while PLAINTIFF'S seat belt was still on

28. PLAINTIFF begged ULLRICH to stop and that the officers were hurting him.



Timestamp: 1:31

29. PLAINTIFF asked why the officers would do that to him, and asked for them to open the driver's side door so he could exit the vehicle.

30. PLAINTIFF asked for his seatbelt to be taken off, however ULLRICH stated that he did not want to take off the handcuffs so the officers cut the seatbelt off of PLAINTIFF.



Ullrich #1

Timestamp: 1:56

31. ULLRICH told PLAINTIFF he had to exit his car because the car smelled like weed, to which he responded that he could not smoke weed because of his employment at a railroad company.

32. ULLRICH has a long history of profiling African Americans.

33. ULLRICH has a long history of wrongfully accusing African Americans of being intoxicated or smelling like marijuana as a means of initiating unconstitutional searches.

34. The CITY and VALENTI were aware of ULLRICH's long history of such conduct and failed to take any corrective action.

35. The CITY and VALENTI have allowed ULLRICH and other officers to act with impunity and have failed to properly train or supervise their officers in accordance with established policies.

36. Covington Police officers are bound to the Use of Force standards set forth in The CITY's Police Department General Orders ("General Order") issuance.

37. The CITY's General Order asserts that force must be "objectively reasonable," meaning

the amount of force that would be used by other reasonable and well-trained officers when faced with the circumstances that the officer using the force is presented with.

38. Furthermore, a claim of excessive force under the Fourth Amendment requires that a plaintiff demonstrate that they were seized and that the force used in effecting the seizure was objectively unreasonable. *Graham v Connor*, 490 U.S. 386, 4 (1989).

39. Here, none of PLAINTIFF'S actions amounted to conduct that reasonably would warrant the excessive use of force performed by ULLRICH .

40. Nonetheless, ULLRICH  ignored the CITY's General Order, and attempted to pull PLAINTIFF out his driver's side window while PLAINTIFF did not physically take any action to warrant that aggressive use of force, thus violating the General Order.

41.  The CITY's General Order also provides an escalating scale for employing force; under this, Officers "shall not use a more forceful option unless lesser verbal or physical force would be or has been ineffective or inappropriate".

42. Here, ULLRICH  failed to use lesser forms of force, like empty-handed control techniques or explaining the significance of having to ask about the registered gun, thus further violating the CITY's General Order.

43. At 6:57 PM, officers proceeded to arrest and take PLAINTIFF into custody, after violating numerous sections of the CITY's General Order.

44. Throughout this incident, officers blatantly disregarded the CITY's General Order, and substantially deviated from what the CITY's General Order requires.

45. These violations directly caused unnecessary harm to PLAINTIFF.

46. During the incident, ULLRICH  made false claims that PLAINTIFF possessed marijuana, had resisted arrest, and had committed an obstructing emergency responder violation.

47. However, all criminal charges of obstruction and resisting arrest against PLAINTIFF were dismissed; there was no finding of fact that PLAINTIFF possessed marijuana.

48. CITY police officers have a pattern, and practice of using unnecessary and unreasonable forces.

49. CITY has multiple policies that require lawful procedures prior to search and de-escalation prior to the use of force but CITY allows officers to act without reprimand when using excessive force.

## DAMAGES

50. PLAINTIFF was physically, mentally, and emotionally injured as a direct and proximate result of the attack on his person, including but not limited to physical injuries wrist and emotional damage resulting in a fear of government officials and post-traumatic stress related illnesses as a consequence of Defendants violations of his federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendment's.

51. PLAINTIFF is entitled to recover damages pursuant to the pain and suffering he endured as a result of his civil rights being violated and the tortious acts by defendant's, inclusive.

52. PLAINTIFF found it necessary to engage the services of private counsel to vindicate his rights under the law. PLAINTIFF is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

**(Violation of the Fourth Amendment to the United States Constitution- Excessive Force)**

**(42 U.S.C. § 1983)**

**(PLAINTIFF v. ALL DEFENDANTS)**

53. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 49 of this complaint.

54. Defendants' above-described conduct violates PLAINTIFF's right, as provided for under the Fourth and Fourteenth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable force against him.

55. PLAINTIFF was forced to endure great pain and suffering because of the CITY other DEFENDANTS' conduct.

56. DEFENDANTS acted under color of law by grabbing PLAINTIFF without lawful justification and subjecting PLAINTIFF to excessive force thereby depriving PLAINTIFF of certain constitutionally protected rights, including, but not limited to:

57. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Monell Claim: 42 U.S.C. § 1983)**

**(PLAINTIFF v. CITY)**

58. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-49 of this

Complaint.

59. The CITY had a duty to adequately train, supervise and discipline their deputy officers in order to protect members of the public, including PLAINTIFF, from being unlawfully searched and harmed by police officers unnecessarily.

60. The CITY was deliberately indifferent to such duties and thereby proximately caused injury to PLAINTIFF as complained herein.

61. PLAINTIFF In addition, the public inaction by the department has created an atmosphere in which officers believe they may act with impunity when engaging in unlawful conduct, as the CITY itself seems uninterested in complying with CITY policies and procedures.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Battery)

### (PLAINTIFF v. ALL DEFENDANTS)

62. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-49 of this Complaint.

63. The present action is brought pursuant to common law torts, as public employees, ULLRICH and DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, ULLRICH and DOES 1-50 were acting within the course and scope of their employment and/or agency with CITY. As such, Defendants CITY and VALENTI are liable in *respondeat superior* for the

injuries caused by the acts and omissions of ULLRICH and DOES 1-50.

64. CITY, ULLRICH and DOES 1-50 perpetrated an intentional vicious physical attack on PLAINTIFF, and repeatedly battered her by forcefully grabbing him. ULLRICH and DOES 1-50 had the requisite intent to make physical contact and inflict pain and suffering on PLAINTIFF.

65. PLAINTIFF has a right to be free from unwanted or unwarranted contact with his person and this right was violated by Defendants action or omissions, inclusive. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Assault)

### (PLAINTIFF v. ALL DEFENDANTS)

66. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-49 of this Complaint.

67. The present action is brought pursuant to common law torts, ULLRICH and DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein ULLRICH and DOES 1-50 were acting within the course and scope of their employment and/or agency with CITY. As such, Defendants CITY and VALENTI are liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50.

68. ULLRICH and DOES 1-50 caused PLAINTIFF to fear that he was going to be severely harmed.

69. DEFEDNATNS grabbed PLAINTIFF without cause. DEFENDANTS' conduct was neither

privileged nor justified under statute or common law.

70. As a result of DEFENDANTS' acts, PLAINTIFF was in fact placed in great apprehension of imminent harmful and offensive contact with her person.

71. At no time did PLAINTIFF consent to any of the acts by the DEFENDANTS as alleged hereinabove.

72. DEFENDANTS conduct as described above caused PLAINTIFF to be apprehensive that would subject him to further intentional invasions of his right to be free from offensive and harmful contact and demonstrated that at all time's herein, DEFENDANTS had a present ability to subject him to an intentional offensive and harmful touching.

73. As a direct and proximate result of DEFENDANTS unlawful conduct as alleged hereinabove, PLAINTIFF has suffered physical injury, sever emotional distress, humiliation, embarrassment, mental and emotional distress, anxiety, and economic harm.

74. PLAINTIFF has a right to be free from fear of unwanted or unwarranted contact with his person and his rights were violated by DEFENDANTS' action or omissions, inclusive.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (PLAINTIFF v. ALL DEFENDANTS)

75. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-49 of this Complaint.

76. The present action is brought pursuant common law torts as public employees, ULLRICH and DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, ULLRICH and DOES 1-50 were acting within the course and scope of their employment and/or agency with CITY. As such, Defendants CITY and VALENTI are liable in *respondeat superior* for the injuries caused by the acts and omissions of ULLRICH and DOES 1-50 pursuant to common law torts.

77. ULLRICH and DOES 1-50 perpetrated a vicious physical attack on PLAINTIFF, by grabbing him. The DEFENDANTS then, conspired to inflict further emotional distress, beyond the beating, by threatening legal action against PLAINTIFF and make false claims against her.

78. PLAINTIFF has a right to be free from such callous actions aimed at inflicting mental and emotional damage and this right was violated by said Defendants, inclusive. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

**(Negligence)**

**(PLAINTIFF v. ALL DEFENDANTS)**

79. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-49 of the Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

80. In the alternative, PLAINTIFF alleges DEFENDANTS' negligent actions and/or negligent failure to act within the scope and course of their employment with the CITY, as set forth hereinabove approximately caused severe physical injury to PLAINTIFF.

81. The present action is brought pursuant to common law torts as public employees, **ALL DEFENDANTS** are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, **ALL DEFENDANTS** were acting within the course and scope of their employment and/or agency with CITY. As such, Defendants CITY and VALENTI are liable in *respondeat superior* for the injuries caused by the acts and omissions of **ALL DEFENDANTS**.

82. As an actual and proximate result of said Defendants' negligence and physical injuries sustained by PLAINTIFF, PLAINTIFF has sustained pecuniary loss resulting from the loss of comfort, society, attention, and services, in an amount to be determined at trial. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Negligent Hiring, Retention, Training, Supervision and Discipline)
### (PLAINTIFF v. CITY)

83. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

84. PLAINTTIF claims that he was wrongfully restrained at the scene of the incident and later detained by DEFENDANTS at Kenton County Jail.

85. The Defendants intentionally deprived PLAINTIFF of his freedom of movement by use of physical barriers and threats of force, and unreasonable duress. The restraint confinement and dentition of Plaintiff.

86. The Defendants conduct was a substantial factor in causing the PLAINTIFF harm. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

**(Supervisor Liability- 42 U.S.C. § 1983)**
**(PLAINTIFF v. VALENTI)**

87. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

88. **VALENTI** was employed by CITY as Chief for the Covington Police Department.

89. At all relevant times **VALENTI** was responsible for hiring, transfer, suspension, promotion, discharge, assignment, reward, or discipline of other department members, and directing the work of other members.

90. At all relevant times **VALENTI** was under an oath as a law enforcement officer to serve the community; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality, and justice.

91. **VALENTI** was personally involved in the constitutional deprivation of PLAINTIFF's constitutional rights by participating in the act of covering up evidence and not properly preserving phone text messages and witness statements in an attempt to criminally charge PLAINTIFF.

92. **VALENTI** was personally involved in a sufficient casual connection of PLAINTIFF's constitutional rights by their approval of fabricated and factious police incident reports.

93. **VALENTI** was reckless and had a callous indifference for the rights of PLAINTIFF.

94. **VALENTI** acts directly caused PLAINTIFF harm.

    WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## JURY DEMAND

95. **PLAINTIFF hereby demands a jury trial**.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief, as follows:

For general damages in a sum according to proof;

For special damages, including but not limited to, past, present and/or future wage loss, medical expenses and other special damages to be determined according to proof;

For punitive and exemplary damages against each defendant in a sum according to proof;

Any and all permissible statutory damages;

For costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and U.S.C. § 794(a);

      For all other relief to which the Court deems just and proper.

**Dated: March 19, 2025**

_____

Attorney for Plaintiff