UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 2:25-CV-00042-DCR

**DAMIEN CONNER,** *et al.*                                                           **PLAINTIFFS**

**v.**

**CITY OF COVINGTON,** *et al.*                                                      **DEFENDANTS**

## ANSWER TO AMENDED COMPLAINT

The Defendants, the City of Covington, Chief Brian Valenti, and Doug Ullrich, individually and in their official capacity, by and through counsel, for their Answer to the Amended Complaint, state as follows:

1. Defendants deny the averments in paragraph 1 of the Amended Complaint.

2. Defendants admit so much of paragraph 2 of the Amended Complaint that avers that Plaintiff Conner was pulled over for a traffic violation, but deny all remaining averments therein.

3. Defendants deny the averments in paragraph 3 of the Amended Complaint.

4. Defendants admit all statements made by Officer Ullrich and Plaintiff Conner as captured on his body worn camera footage, which is incorporated by reference herein and being filed conventionally, but deny all remaining averments therein.

5. Defendants deny the averments in paragraph 5 of the Amended Complaint.

6. Defendants deny the averments in paragraph 6 of the Amended Complaint.

7. Defendants admit all statements made by Officer Ullrich and Plaintiff Conner as captured on his body worn camera footage, which is incorporated by reference herein and being filed conventionally, but deny all remaining averments therein.

8. Defendants deny the averments in paragraph 8 of the Amended Complaint.

9. Defendants deny the averments in paragraph 9 of the Amended Complaint.

10. Defendants admit so much of paragraph 10 of the Amended Complaint that avers that Covington Police Officers initiated an encounter with Plaintiff, Tamela Scott, on April 6, 2024 and asked for identification, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

11. Defendants admit all statements made by Officer Ullrich and Plaintiff Scott as captured on his body worn camera footage, which is incorporated by reference herein and being filed conventionally, but deny all remaining averments therein.

12. Defendants deny the averments in paragraph 12 of the Amended Complaint.

13. Defendants admit so much of paragraph 13 of the Amended Complaint that avers that a taser was deployed but deny all remaining averments therein.

14. Defendants deny the averments in paragraph 14 of the Amended Complaint.

15. Defendants deny the averments in paragraph 15 of the Amended Complaint.

16. Defendants admit that Plaintiff, Tamela Scott, was charged with criminal offenses, but deny all remaining averments therein.

17. Defendants deny the averments in paragraph 17 of the Amended Complaint.

18. The averments in paragraph 18 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required. To the extent a response is required, Defendants deny the averments and demand that Plaintiffs present strict proof in support of the allegations.

19. Defendants deny the averments in paragraph 19 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

20. Defendants admit so much of paragraph 20 of the Amended Complaint that avers that the City is a municipal corporation operating under the laws of the Commonwealth of Kentucky, that it operates a Police Department and employs police officers as employees, but deny all remaining averments therein.

21. Defendants admit so much of paragraph 21 of the Amended Complaint that avers that Officer Ullrich is a citizen of the United States, a resident of Kentucky and a full-time employee of the City, and that he took an oath of office, and affirmatively state that the oath speaks for itself and requires no further response by Defendants.

22. Defendants admit so much of paragraph 22 of the Amended Complaint that avers that Chief Valenti is a citizen of the United States, a resident of Kentucky, and that he is employed full-time as a Police Chief with the City, and that he took an oath of office, and affirmatively state that the oath speaks for itself and requires no further response by Defendants.

23. Defendants deny the averments in paragraph 23 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

24. Defendants deny the averments in paragraph 243 of the Amended Complaint.

25. Defendants admit so much of paragraph 25 of the Amended Complaint that avers that on the evening of September 23, 2024, Plaintiff, Damien Conner, was typing/texting on his cell phone while driving, but deny all remaining averments therein.

26. Defendants admit the averments in paragraph 26 of the Amended Complaint.

27. Defendants admit so much of paragraph 27 of the Amended Complaint that avers that Plaintiff Conner was pulled over, but deny all remaining averments therein.

28. Defendants deny the averments in paragraph 28 of the Amended Complaint.

29. Defendants deny the averments in paragraph 29 of the Amended Complaint.

30. Defendants admit the averments in paragraph 30 of the Amended Complaint.

31. Defendants admit all statements made by Officer Ullrich and Plaintiff Conner as captured on his body worn camera footage, which is incorporated by reference herein and being filed conventionally, but deny all remaining averments therein.

32. Defendants admit all statements made by Officer Ullrich and Plaintiff Conner as captured on his body worn camera footage, which is incorporated by reference herein and being filed conventionally, but deny all remaining averments therein.

33. Defendants admit all statements made by Officer Ullrich and Plaintiff Conner and Plaintiff Conner as captured on his body worn camera footage, which is incorporated by reference herein and being filed conventionally, but deny all remaining averments therein.

34. Defendants admit all statements made by Officer Ullrich and Plaintiff Conner as captured on his body worn camera footage, which is incorporated by reference herein and being filed conventionally, but deny all remaining averments therein.

35. Defendants admit all statements made by Officer Ullrich and Plaintiff Conner as captured on his body worn camera footage, which is incorporated by reference herein and being filed conventionally, but deny all remaining averments therein.

36. Defendants admit all statements made by Officer Ullrich and Plaintiff Conner as captured on his body worn camera footage, which is incorporated by reference herein and being filed conventionally, but deny all remaining averments therein.

37. Defendants admit all statements made by Officer Ullrich and Plaintiff Conner as captured on his body worn camera footage, which is incorporated by reference herein and being filed conventionally, but deny all remaining averments therein.

38. Defendants admit all statements made by Officer Ullrich and Plaintiff Conner as captured on his body worn camera footage, which is incorporated by reference herein and being filed conventionally, but deny all remaining averments therein.

39. Defendants admit all statements made by Officer Ullrich and Plaintiff Conner as captured on his body worn camera footage, which is incorporated by reference herein and being filed conventionally, but deny all remaining averments therein.

40. Defendants deny the averments in paragraph 40 of the Amended Complaint.

41. Defendants deny the averments in paragraph 41 of the Amended Complaint.

42. Defendants deny the averments in paragraph 42 of the Amended Complaint.

43. Defendants deny the averments in paragraph 43 of the Amended Complaint.

44. Defendants admit so much of paragraph 44 of the Amended Complaint that avers that Covington Police Officers are subject to the Use of Force standards in their General Orders, but deny all remaining averments therein.

45. The City's General Order on Use of Force, as referenced in paragraph 45 of the Amended Complaint, speaks for itself and requires no further response by Defendants.

46. The averments in paragraph 46 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required. To the extent that a response is required, Defendants deny the averments and demand the Plaintiffs present strict proof in support of the allegations.

47. Defendants deny the averments in paragraph 47 of the Amended Complaint.

48. Defendants deny the averments in paragraph 48 of the Amended Complaint.

49. The City's General Order on Use of Force, as cited in paragraph 49 of the Amended Complaint, speaks for itself and requires no further response by Defendants.

50. Defendants deny the averments in paragraph 50 of the Amended Complaint.

51. Defendants admit so much of paragraph 51 of the Amended Complaint that avers that Plaintiff Conner was arrested but deny all remaining averments therein.

52. Defendants deny the averments in paragraph 52 of the Amended Complaint.

53. Defendants deny the averments in paragraph 53 of the Amended Complaint.

54. Defendants deny the averments in paragraph 54 of the Amended Complaint.

55. Defendants deny the averments in paragraph 55 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

56. Defendants deny the averments in paragraph 56 of the Amended Complaint.

57. Defendants deny the averments in paragraph 57 of the Amended Complaint.

58. Defendants deny the averments in paragraph 58 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

59. Defendants admit so much of paragraph 59 of the Amended Complaint that avers that police officers approached Plaintiff Scott, but deny all remaining averments therein.

60. Defendants admit so much of paragraph 60 of the Amended Complaint that avers that officers requested Plaintiff Scott's identification, but deny all remaining averments therein.

61. Defendants deny the averments in paragraph 61 of the Amended Complaint.

62. Defendants deny the averments in paragraph 62 of the Amended Complaint.

63. Defendants deny the averments in paragraph 63 of the Amended Complaint.

64. Defendants deny the averments in paragraph 64 of the Amended Complaint.

65. Defendants deny the averments in paragraph 65 of the Amended Complaint.

66. Defendants deny the averments in paragraph 66 of the Amended Complaint.

67. Defendants deny the averments in paragraph 67 of the Amended Complaint.

68. Defendants admit so much of paragraph 68 of the Amended Complaint that avers that Plaintiff Scott was arrested and charged with offenses, but deny all remaining averments therein.

69. Defendants deny the averments in paragraph 69 of the Amended Complaint.

70. Defendants deny the averments in paragraph 70 of the Amended Complaint.

71. Defendants deny the averments in paragraph 71 of the Amended Complaint.

72. Defendants deny the averments in paragraph 72 of the Amended Complaint.

73. Defendants deny the averments in paragraph 73 of the Amended Complaint.

74. Defendants deny the averments in paragraph 74 of the Amended Complaint.

75. Defendants deny the averments in paragraph 75 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

76. Defendants deny the averments in paragraph 76 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

77. Defendants deny the averments in paragraph 77 of the Amended Complaint.

78. Defendants deny the averments in paragraph 78 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

79. Defendants deny the averments in paragraph 79 of the Amended Complaint.

80. Defendants deny the averments in paragraph 80 of the Amended Complaint.

81. Defendants deny the averments in paragraph 81 of the Amended Complaint.

82. Defendants deny the averments in paragraph 82 of the Amended Complaint.

83. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 82 as adopted in paragraph 83 of the Amended Complaint.

84. Defendants deny the averments in paragraph 84 of the Amended Complaint.

85. Defendants deny the averments in paragraph 85 of the Amended Complaint.

86. Defendants deny the averments in paragraph 86 of the Amended Complaint.

87. Defendants deny the averments in paragraph 87 of the Amended Complaint.

88. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 87 as adopted in paragraph 88 of the Amended Complaint.

89. Defendants admit so much of paragraph 89 of the Amended Complaint that avers that the City trains, supervises and disciplines its officers, but deny all remaining averments therein.

90. Defendants deny the averments in paragraph 90 of the Amended Complaint.

91. Defendants deny the averments in paragraph 91 of the Amended Complaint.

92. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 91 as adopted in paragraph 92 of the Amended Complaint.

93. Defendants deny the averments in paragraph 93 of the Amended Complaint.

94. Defendants deny the averments in paragraph 94 of the Amended Complaint.

95. Defendants deny the averments in paragraph 95 of the Amended Complaint.

96. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 95 as adopted in paragraph 96 of the Amended Complaint.

97. Defendants deny the averments in paragraph 97 of the Amended Complaint.

98. Defendants deny the averments in paragraph 98 of the Amended Complaint.

99. Defendants deny the averments in paragraph 99 of the Amended Complaint.

100. Defendants deny the averments in paragraph 100 of the Amended Complaint.

101. Defendants deny the averments in paragraph 101 of the Amended Complaint.

102. Defendants deny the averments in paragraph 102 of the Amended Complaint.

103. Defendants deny the averments in paragraph 103 of the Amended Complaint.

104. Defendants deny the averments in paragraph 104 of the Amended Complaint.

105. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 104 as adopted in paragraph 105 of the Amended Complaint.

106. Defendants deny the averments in paragraph 106 of the Amended Complaint.

107. Defendants deny the averments in paragraph 107 of the Amended Complaint.

108. Defendants deny the averments in paragraph 108 of the Amended Complaint.

109. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 108 as adopted in paragraph 109 of the Amended Complaint.

110. Defendants deny the averments in paragraph 110 of the Amended Complaint.

111. Defendants deny the averments in paragraph 111 of the Amended Complaint.

112. Defendants deny the averments in paragraph 112 of the Amended Complaint.

113. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 112 as adopted in paragraph 113 of the Amended Complaint.

114. Defendants deny the averments in paragraph 114 of the Amended Complaint.

115. Defendants deny the averments in paragraph 115 of the Amended Complaint.

116. Defendants deny the averments in paragraph 116 of the Amended Complaint.

117. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 116 as adopted in paragraph 117 of the Amended Complaint.

118. Defendants admit the averments in paragraph 118 of the Amended Complaint.

119. Defendants admit so much of paragraph 119 of the Amended Complaint that avers that Defendant, Chief Valenti, is involved in the hiring, transfer, suspension, promotion, discharge, assignment, reward or discipline of police officers employed by the City, but deny all remaining averments therein.

120. Defendants admit so much of paragraph 120 of the Amended Complaint that avers that Defendant, Chief Valenti, took an oath of office as cited in paragraph in 120 of the Amended Complaint, but affirmatively state that the oath speaks for itself and requires no further response by Defendants.

121. Defendants deny the averments in paragraph 121 of the Amended Complaint.

122. Defendants deny the averments in paragraph 122 of the Amended Complaint.

123. Defendants deny the averments in paragraph 123 of the Amended Complaint.

124. Defendants deny the averments in paragraph 124 of the Amended Complaint.

125. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 124 as adopted in paragraph 125 of the Amended Complaint.

126. Defendants deny the averments in paragraph 126 of the Amended Complaint.

127. Defendants admit so much of paragraph 127 of the Amended Complaint that avers that Defendant, Doug Ullrich, conducted a traffic stop of Plaintiff Conner on September 23, 2024 for typing/texting on a cell phone while driving, but deny all remaining averments therein.

128. Defendants admit so much of paragraph 128 of the Amended Complaint that avers that Plaintiff Conner provided Defendant, Doug Ullrich, with his license, registration and insurance information, but deny all remaining averments therein.

129. Defendants deny the averments in paragraph 129 of the Amended Complaint.

130. Defendants deny the averments in paragraph 130 of the Amended Complaint.

131. Defendants deny the averments in paragraph 131 of the Amended Complaint.

132. Defendants deny the averments in paragraph 132 of the Amended Complaint.

133. Defendants deny the averments in paragraph 133 of the Amended Complaint.

134. Defendants deny the averments in paragraph 134 of the Amended Complaint.

135. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 134 as adopted in paragraph 135 of the Amended Complaint.

136. The averments in paragraph 136 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required. To the extent that a response is required, Defendants deny the averments and demand that Plaintiffs present strict proof in support of the allegations.

137. Defendants deny the averments in paragraph 137 of the Amended Complaint.

138. Defendants deny the averments in paragraph 138 of the Amended Complaint.

139. Defendants admit so much of paragraph 139 of the Amended Complaint that avers that Plaintiff Conner was ordered out of his vehicle, but deny all remaining averments therein.

140. Defendants admit so much of paragraph 140 of the Amended Complaint that avers that Plaintiff COnner was removed from his vehicle and handcuffed, but deny all remaining averments therein.

141. Defendants deny the averments in paragraph 141 of the Amended Complaint.

142. Defendants deny the averments in paragraph 142 of the Amended Complaint.

143. Defendants deny the averments in paragraph 143 of the Amended Complaint.

144. Defendants deny the averments in paragraph 144 of the Amended Complaint.

145. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 144 as adopted in paragraph 145 of the Amended Complaint.

146. Defendants deny the averments in paragraph 146 of the Amended Complaint.

147. Defendants admit so much of paragraph 147 of the Amended Complaint that avers that Plaintiff Conner was pulled over by Defendant Officer Ullrich, and that he provided his license, registration and insurance during the traffic stop, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

148. Defendants deny the averments in paragraph 148 of the Amended Complaint.

149. Defendants deny the averments in paragraph 149 of the Amended Complaint.

150. Defendants deny the averments in paragraph 150 of the Amended Complaint.

151. Defendants deny the averments in paragraph 151 of the Amended Complaint.

152. Defendants deny the averments in paragraph 152 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

153. Defendants deny the averments in paragraph 153 of the Amended Complaint.

154. Defendants deny the averments in paragraph 154 of the Amended Complaint.

155. Defendants deny the averments in paragraph 155 of the Amended Complaint.

156. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 155 as adopted in paragraph 156 of the Amended Complaint.

157. Defendants deny the averments in paragraph 157 of the Amended Complaint.

158. Defendants deny the averments in paragraph 158 of the Amended Complaint.

159. Defendants deny the averments in paragraph 159 of the Amended Complaint.

160. Defendants deny the averments in paragraph 160 of the Amended Complaint.

161. Defendants deny the averments in paragraph 161 of the Amended Complaint.

162. Defendants deny the averments in paragraph 162 of the Amended Complaint.

163. Defendants deny the averments in paragraph 163 of the Amended Complaint.

164. Defendants deny the averments in paragraph 164 of the Amended Complaint.

165. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 164 as adopted in paragraph 165 of the Amended Complaint.

166. Defendants deny the averments in paragraph 166 of the Amended Complaint.

167. Defendants admit so much of paragraph 167 of the Amended Complaint that avers that Plaintiff Scott was approached by Covington Police Officers on April 6, 2024, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

168. Defendants deny the averments in paragraph 168 of the Amended Complaint.

169. Defendants deny the averments in paragraph 169 of the Amended Complaint.

170. Defendants admit so much of paragraph 170 of the Amended Complaint that avers that a taser was deployed, but deny all remaining averments therein.

171. Defendants deny the averments in paragraph 171 of the Amended Complaint.

172. Defendants deny the averments in paragraph 172 of the Amended Complaint.

173. Defendants deny the averments in paragraph 173 of the Amended Complaint.

174. Defendants deny the averments in paragraph 174 of the Amended Complaint.

175. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 174 as adopted in paragraph 175 of the Amended Complaint.

176. Defendants deny the averments in paragraph 176 of the Amended Complaint.

177. Defendants deny the averments in paragraph 177 of the Amended Complaint.

178. Defendants deny the averments in paragraph 178 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

179. Defendants deny the averments in paragraph 179 of the Amended Complaint.

180. Defendants deny the averments in paragraph 180 of the Amended Complaint.

181. Defendants deny the averments in paragraph 181 of the Amended Complaint.

182. Defendants deny the averments in paragraph 182 of the Amended Complaint.

183. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 182 as adopted in paragraph 183 of the Amended Complaint.

184. The averments in paragraph 184 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required. To the extent a response is required, Defendants deny the averments and demand that Plaintiffs present strict proof in support of the allegations.

185. Defendants deny the averments in paragraph 185 of the Amended Complaint.

186. Defendants deny the averments in paragraph 186 of the Amended Complaint.

187. Defendants deny the averments in paragraph 187 of the Amended Complaint.

188. Defendants deny the averments in paragraph 188 of the Amended Complaint.

189. Defendants deny the averments in paragraph 189 of the Amended Complaint.

190. Defendants deny the averments in paragraph 190 of the Amended Complaint.

191. Defendants deny the averments in paragraph 191 of the Amended Complaint.

192. The averments in paragraph 192 of the Amended Complaint do not allege any act or omission on the part of Defendants, and accordingly, no response is required.

**FIRST DEFENSE**

The Amended Complaint fails to allege facts sufficient to state a claim against Defendants upon which relief may be granted.

**SECOND DEFENSE**

Some or all of Plaintiffs' claims are time-barred by the governing statute of limitations and/or the doctrine of laches.

**THIRD DEFENSE**

To the extent that the Amended Complaint attempts to assert claims against Defendants, Dough Ullrich and Brian Valenti, in their respective individual capacities, they are entitled to qualified immunity from suit, from any federal claims asserted therein, and from the liability sought to be imposed by the Plaintiff in his Complaint.

**FOURTH DEFENSE**

To the extent that the Amended Complaint attempts to assert claims against Defendants, Doug Ullrich and Brian Valenti, in their respective individual capacities, they are entitled to qualified official immunity from suit, from any state law claims asserted therein, and from the liability sought to be imposed by the Plaintiff in his Complaint.

**FIFTH DEFENSE**

Some or all of Plaintiffs' claims are barred by the doctrines of issue and/or claim preclusion.

**SIXTH DEFENSE**

Plaintiffs are estopped and/or have waived their right to assert some or all of the claims asserted in the Amended Complaint.

**SEVENTH DEFENSE**

At all times referenced in the Amended Complaint, Defendants actions were reasonable, proper, justified, lawful, and undertaken without any wrongful intent, impact or affect.

**EIGHTH DEFENSE**

Some or all of Plaintiffs' claims are barred by his failure to join an indispensable party to the litigation in contravention of Civil Rule 19.

**NINTH DEFENSE**

If the Plaintiffs were injured and/or damaged as alleged in the Amended Complaint, their injuries and/or damages were caused solely as a result of their own acts or omissions.

**TENTH DEFENSE**

Alternatively, if the Plaintiffs were injured and/or damaged as alleged in the Amended Complaint, their injuries and/or damages were caused and brought about by the acts or omissions of a third party(ies) over whom Defendants had no control and for whose acts or omissions Defendants are neither liable nor responsible to the Plaintiffs.

**ELEVENTH DEFENSE**

Alternatively, if the Plaintiffs were injured and/or damaged as alleged in the Amended Complaint, their injuries and/or damages were caused and brought about by an intervening, superseding cause outside the realm of knowledge, foreseeability or control of Defendants.

**TWELFTH DEFENSE**

Alternatively, Plaintiffs had a duty to mitigate their damages and have failed to do so.

**THIRTEENTH DEFENSE**

To the extent that the Amended Complaint asserts claims against Defendants, Doug Ullrich and Brian Valenti in their respective official capacities with the City of Covington, those claims are equivalent to a claim against the City and should be dismissed as redundant.

**FOURTEENTH DEFENSE**

Defendants had reasonable, articulable suspicion to stop Plaintiffs which is a bar to any Fourth Amendment claim.

**FIFTEENTH DEFENSE**

Defendants had probable cause to arrest Plaintiffs which is a bar to any Fourth Amendment claim.

**SIXTEENTH DEFENSE**

Defendants assert all affirmative defenses in the Kentucky Claims Against Local Government Act, KRS 65.2001 *et seq.* as a bar and/or limitation on Plaintiffs' claims.

**SEVENTEENTH DEFENSE**

The imposition of punitive damages against Defendants would violate their constitutional rights under the due process clause of the Fifth and Fourteenth Amendments and the excessive fines clause of the Eighth Amendment to the United States Constitution and similar provisions in the Constitution of the Commonwealth of Kentucky.

**EIGHTEENTH DEFENSE**

To avoid waiver, Defendants assert all affirmative defenses in Civil Rule 8(c) as a bar to Plaintiffs' claims.

WHEREFORE, having fully answered, the Defendants, City of Covington, Chief Brian Valenti, and Doug Ullrich, individually and in their official capacity, demand that the

Amended Complaint be dismissed with prejudice at the cost of the Plaintiffs, for an award of attorney fees incurred in defending this action, for trial by jury and for any and all other relief to which they may appear to be entitled.

                                            Respectfully submitted,

                                            ***/s/ Jeffrey C. Mando***
Jeffrey C. Mando, Esq. (#43548)
Olivia F. Amlung, Esq. (#97449)
Casmir M. Thornberry, Esq. (#100623)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200 – Fax
jmando@adamsattorneys.com
oamlung@adamsattorneys.com
cthornberry@adamsattorneys.com

*Attorneys for Defendants, City of Covington, Chief Brian Valenti, and Doug Ullrich, individually and in their official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on **9th** of July, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide notice to: Jamir Davis, Esq.

                                            ***/s/ Jeffrey C. Mando***
Jeffrey C. Mando, Esq.