# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## COVINGTON DIVISION
## CASE NO. 2:25-CV-00042-DCR

**DAMIEN CONNER,** *et al.*                                                        **PLAINTIFFS**

**v.**

**CITY OF COVINGTON,** *et al.*                                                  **DEFENDANTS**

---

## MOTION TO SEVER

---

The Defendants, the City of Covington, Chief Brian Valenti, and Doug Ullrich, individually and in their official capacity, by and through counsel, respectfully move this Court to sever the claims brought by Plaintiffs Damien Conner and Tamela Scott on the grounds of misjoinder pursuant to Federal Rule of Civil Procedure 20(a)(1) and Rule 21. The Amended Complaint (R. 4) improperly joins two unrelated incidents, involving distinct plaintiffs, factual circumstances, times, and locations, which do not arise from the same transaction or occurrence and do not involve common questions of law or fact sufficient to justify joinder.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 20(a)(1) permits the joinder of plaintiffs only if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." When either of these two requirements are not met, Rule 21 authorizes the Court to sever any claim or party. *See Coal. to Defend Affirmative Action, Integration & Immigrant Rts. & Fight for Equal. By Any Means Necessary v. Regents of Univ. of Michigan*, 701 F.3d 466, 489 (6th Cir. 2012), *rev'd on*

1

*other grounds sub nom. Schuette v. Coal. to Defend Affirmative Action, Integration & Immigrant Rts. & Fight for Equal. By Any Means Necessary (BAMN)*, 572 U.S. 291, 134 S. Ct. 1623, 188 L. Ed. 2d 613 (2014)("[M]isjoinder of parties occurs when [parties] fail to satisfy the conditions for permissive joinder under Fed. R. Civ. P. 20(a)").

## II.    THE CLAIMS DO NOT RISE FROM A COMMON TRANSACTION OR OCCURRENCE

The first requirement for permissive joinder under Rule 20(a)(1)(A) is that the plaintiffs' claims must arise out of the "same transaction, occurrence, or series of transactions or occurrences." That standard is not satisfied here.

In *Bason v. Village Square Consumer Housing Coop.*, the Eastern District of Michigan articulated a helpful framework for this inquiry. 2025 U.S. Dist. LEXIS 138223, at *4.  Courts in this Circuit consider "(1) the time period during which the alleged acts occurred; (2) whether the acts . . . are related; (3) whether more than one act . . . is alleged; (4) whether the same supervisors were involved; and (5) whether the defendants were at different geographical locations." *Id.* Applying these factors demonstrates that the claims of Plaintiffs Damien Conner and Tamela Scott are misjoined.

First, the two incidents occurred nearly six months apart. Conner's encounter with police took place on September 23, 2024, during a traffic stop on Interstate 75 (Am. Compl. ¶ 25) Scott's incident occurred on April 6, 2024, in a Taco Bell parking lot. (Id. at ¶ 58–59). The acts alleged are not factually related. Conner was pulled over for a traffic infraction, and allegedly handcuffed and dragged from his vehicle based on the odor of marijuana. (Id. at ¶¶ 25–57) Scott, in contrast, was approached by officers while parked and allegedly tased when she had difficulty retrieving her ID due to blinding flashlights (Id. at ¶¶ 58–79). The factual predicates of these claims, what initiated the encounters, how force was applied, and the

post-arrest allegations, are fundamentally different. They do not stem from the same chain of events or police conduct.

Each plaintiff describes a standalone event, involving unique interactions with officers. There is no allegation that their experiences were part of a coordinated enforcement action, ongoing investigation, or shared incident.

Further, although both plaintiffs name Officer Ullrich as a Defendant, his role in each incident was not the same. In Conner's case, Ullrich was the initiating officer and allegedly used force to secure the arrest. (Id. at ¶ 28) In Scott's case, Ullrich allegedly arrived only after the taser was deployed. (Id. at ¶ 66)

Finally, the incidents occurred in materially different locations. Conner's arrest took place on a major highway during a traffic stop. (Id. at ¶ 25), while Scott's encounter occurred in a fast-food parking lot during late-night hours. (Id. at ¶ 59) These are not comparable enforcement environments and do not suggest a pattern of linked conduct at a specific location or operation.

Taken together, these factors demonstrate that the Plaintiffs' claims arise from unrelated incidents. They do not involve a common nucleus of facts, nor do they reflect a shared series of transactions. Joinder is therefore improper under Rule 20, and severance is warranted under Rule 21.

## III.    THERE ARE NO COMMON QUESTIONS OF LAW OR FACT SUPPORTING JOINDER

Assuming *arguendo* the Plaintiffs' separate arrests present stem from the same transaction or occurrence, they would not satisfy Rule 20(a)(1)'s second requirement. To justify permissive joinder, plaintiffs must show that their claims give rise to at least one

common question of law or fact - something more than shared legal labels or general allegations of police misconduct.

At bar, when viewed in terms of the causes of action pled, there is no such common question. The cases are legally and factually distinct.

Conner brings twelve causes of action, including claims for excessive force, false arrest, false imprisonment, negligent hiring, training, and supervision, and fabrication of evidence. His case turns on whether the initial seizure during a traffic stop was lawful and whether the officers' actions, including handcuffing him, cutting his seatbelt, and pulling him through his car window, violated clearly established constitutional rights. He also asserts a wide range of tort claims based on that use of force and the subsequent arrest. Further, his fabrication and malicious prosecution claims center on false reports that he obstructed officers and smelled of marijuana.

By contrast, Scott brings only three claims: malicious prosecution, fabrication of evidence, and a *Monell* claim. She does not assert an excessive force claim. Her complaint focuses not on the physical use of force, though the facts involve taser deployment, but rather on the allegedly false narrative constructed by officers - specifically, that she was under the influence of drugs or alcohol without any testing or objective basis. Her case is fundamentally about prosecution without cause, and the City's alleged failure to discipline officers who engage in such fabrication.

Ultimately, the legal questions, types of force alleged, and stages of the encounters are markedly different.

Even where the claims overlap in name, such as malicious prosecution and fabrication of evidence, the underlying events and proof required are unrelated. On the one hand,

Conner's fabrication theory involves false claims of obstruction and drug odor to justify an arrest on the road. On the other hand, Scott's focuses on allegedly unsupported intoxication allegations used to justify criminal charges. There are no shared records, no common witnesses absent Officer Ullrich, no overlapping timelines, and no factual findings in one case that would be relevant or dispositive in the other. Proving one will not inform or advance the other.

Indeed, trying these claims together would only sow confusion. Jurors would be forced to parse two factually unrelated incidents, assess two different misconduct theories, and apply two different constitutional frameworks to the same set of defendants. The risk of undue prejudice in presenting these two unrelated claims together is substantial.

Rule 20 does not permit joinder under these circumstances, and severance is the appropriate remedy.

## IV.    CONCLUSION

For these reasons, Defendants, the City of Covington, Chief Brian Valenti, and Doug Ullrich, individually and in their official capacity, by and through counsel, respectfully move this Court to sever the claims brought by Plaintiffs Damien Conner and Tamela Scott on the grounds of misjoinder pursuant to Federal Rule of Civil Procedure 20(a)(1) and Rule 21.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Olivia F. Amlung, Esq. (#97449)
Casmir M. Thornberry, Esq. (#100623)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
859.394.6200 | 859.392.7200 – Fax
jmando@adamsattorneys.com
oamlung@adamsattorneys.com
cthornberry@adamsattorneys.com

*Attorneys for Defendants, City of Covington, Chief Brian Valenti, and Doug Ullrich, individually and in their official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on **5th** of August, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide electronic notice to: Jamir Davis, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.